# In the United States Court of Federal Claims

IN RE UPSTREAM ADDICKS AND BARKER
(TEXAS) FLOOD-CONTROL RESERVOIRS

Sub-Master Docket
No. 17-9001 L

THIS DOCUMENT APPLIES TO:

*Gilbert, et al v. United States*
No. 17-1636

## FIRST AMENDED COMPLAINT

Louis Gilbert and Caroline Legault; Alessio Cechi; Andrew and Mary Ann Constantinou; Ashish and Sakshi Gupta; Baljit Katial; Barbara Acuna; Bridget Bonier and Sean Cranham; Chris and Beverly Lalka; Cong Zhao; Craig Alexander; Craig Anglemier; David and Julie Alfon; Denise and Mark Mannix; Devki and Kirti Aggarwal; Dolly and Oliver Simpson; Emalee and Curtis Burton; Emily Chen; Emely and Colin McHattie; Eric and Elizabeth Rasmussen; Gene and Darlene Marmottin; Henry and Kate Gallardo; James and Cheryl Watkins; Joe and Karen Stilwell; John and Betsy Torrez; John and Sara McMahan; John Kurt Barousse; Jun Cheng; Kamal and Shammi Bajaj; Kelly White; Luisa and Herman Torres; Maria Geeker, as Trustee of the Geeker Management Trust; Maurcie and Sherri Tayeh; Michael and Carol Monahan; Ming Kuo and Tazuan Chang; Ming-Chung Lo and Hsiu-Feng Chen; Paulo and Renate Biasotto; Per Staunstrup Christiansen; Renata Collaza and Antonio Antunes, Jr;  Richard and Mary Mushinski; Robert Evans, as Trustee of the Evans Family Living Trust; Ron and Betty May; William and Sally Peterson; Sandra Nguyen; Sapramjeet Singh; Shanna Broussard; Sharon Hogge; Sylvia Freeman, as Trustee of the Sylvia Freeman Management Trust Agreement; Theodore J. and Jayne W. Steinkogler, as Trustees of the Steinkogler Family Living Trust; Wayne and Josephine Hillin; William and Mary Donlon; William and Ruth Henderson; William Bryant, as Trustee of the Bryant

Family Living Trust; William Tucker; Zhen Yang; Robert Pimentel and Susan Lopez; Rojiv and Neeta Bhardwaj; Patricia Calvo; Alok Jain; Murillo Xavier; Debora Rodrigues; Rameshar K. Maina; Harvey and Nancy Hickman; Hugo Iglesias, J. Stephen Applegate; Jagtar Singh Heir; Ruben and Toni Monzon; Paul H. Lookabaugh; Rodney and Andetria Hampton; Harry D. Hainley, III; Josephine M. Todes; James T. Parson; Ruurd Bartlema and Minouche Nicole Violette Van Den Berge; John and Paula Holladay, as Trustees of the John K. Holladay and Paula K. Holladay Trust; Randall L. Etherington and Andrea M. Jobling; Peng Yap and Kee Lee; Curt and Maura Bucey; Raafat Abdul Alim and Iman Hassan; David and Nelda Reynolds; Charles and Linda Latch; Sarah and Donald Thrasher; Fahim Nimri; Don and Pamela Palmour; William and Eileen Leffler; Kurt and Jean Wind; Carol and James Gheida; Maria and Hector Bonnor; Elisabeth and Bjarte Bruheim; Andrea and John Spirov; Nicholas Swann and Kirsten Henricksen; Cecelia Valencia; Rob and Jenifer Hungate; Vinodh and Sunitha Kumar; Sharon and Jean-Paul Masso; Gregory and Carol Batt, as Trustees of the Batt Family Living Trust; Hana and Milos Soudek; Justin and Stephanie Struby; Brian and Susan Cohen; Carl and Penny Wilson; Ronald and Jane Haley; David and Ellen Deal; Gray and Rebecca Slocum; James and Cindy Pilkinton; Blair and Melissa Haynie; Beatrice Huong Pham; Harish Palany; Ann Ownings; Kristina Nelson; Verna Johnson; Daniel Coleman and Dorothy Autin; Terry Sullivan; Yusuf Essa; Mehdi Haghshenas and Seyedeh Najmeh Vaez; Tony Kazori and Lobat Shirazi; Zubair and Afshan Khan, as Trustees of the Zubair and Afshan Khan Revocable Trust; Jeff and Julie Applegate; FCLB Holdings, LLC and Gayle and James Minto (hereinafter collectively referred to as "Plaintiffs") file this first amended complaint against The United States of America and respectfully show the following:

## JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1491.  Plaintiffs seek T compensation in excess of $10,000 from the United States for the taking of private property, without just compensation, for public use.  Plaintiffs' claims are actionable pursuant to the Fifth Amendment to the United States Constitution.

## PARTIES

2.   Louis Gilbert and Caroline Legault are residents of Harris County, Texas who own the real property, improvements and personal property located at 13427 Sweet Surrender Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 20. Mr. Gilbert and Mrs. Legault owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

3.  Alessio Cechi is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13411 Sweet Surrender Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 17.  Mr. Cechi owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

4.  Andrew and Mary Ann Constantinou are residents of Harris County, Texas who own the real property, improvements and personal property located at 5408 China Doll Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 4, Lot 2. The Constantinous owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

5.   Ashish and Sakshi Gupta are residents of Harris County, Texas who own the real property, improvements and personal property located at 5518 Fragrant Cloud Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 2, Lot 11. The Guptas owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

6.   Baljit Katial is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5218 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 2, Block 2, Lot 18.  Mr. Katial owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

7.   Barbara Acuna is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13406 Carousel Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 9, Lot 2.  Ms. Acuna owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

8.   Bridget Bonier and Sean Cranham are residents of Harris County, Texas who own the real property, improvements and personal property located at 5511 Fragrant Cloud Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 2, Lot 23. Ms. Bonier and Mr. Cranham owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

9.   Chris and Beverly Lalka are residents of Harris County, Texas who own the real property, improvements and personal property located at 5510 Summer Snow Dr., Houston,

Texas 77041 The legal description of the property is Twin Lakes Section 3, Block 9, Lot 2. The Lalkas owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

10. Cong Zhao is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5506 Olympiad Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 4, Block 3, Lot 32.  Ms. Zhao owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

11. Craig Alexander is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5314 Sunbright Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 6, Lot 20.  Mr. Alexander owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

12. Craig Anglemier is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5514 Honor Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 29.  Mr. Anglemier owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

13. David and Julie Alfon are residents of Harris County, Texas who own the real property, improvements and personal property located at 13522 Pristine Park Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 11, Lot 4.  The Alfons owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

14. Denise and Mark Mannix are residents of Harris County, Texas who own the real property, improvements and personal property located at 5402 China Doll Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 4, Lot 1.  The Mannixes owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

15. Devki and Kirti Aggarwal are residents of Harris County, Texas who own the real property, improvements and personal property located at 13435 Grand Master piece Ln., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 5, Block 10, Lot 10.  The Aggarwals owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

16. Dolly and Oliver Simpson are residents of Harris County, Texas who own the real property, improvements and personal property located at 5551 Honor Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 3, Lot 15.  The Simpsons owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

17. Emalee and Curtis Burton are residents of Harris County, Texas who own the real property, improvements and personal property located at 5502 Peace Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 1, Lot 3.  The Burtons owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

18. Emily Chen is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5335 Summer Snow Dr., Houston, Texas 77041.

The legal description of the property is Twin Lakes Section 2, Block 2, Lot 36.  Ms. Chen owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

19. Emely and Colin McHattie are residents of Harris County, Texas who owns the real property, improvements and personal property located at 13415 Carousel Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 12.  The McHatties owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

20. Eric and Elizabeth Rasmussen are residents of Harris County, Texas who own the real property, improvements and personal property located at 5423 Summer Snow Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 8. The Rasmussens owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

21. Gene and Darlene Marmottin are residents of Harris County, Texas who own the real property, improvements and personal property located at 5506 Peace Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 1, Lot 4.  The Marmottins owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

22. Henry and Katie Gallardo are residents of Harris County, Texas who own the real property, improvements and personal property located at 5559 Honor Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 3, Lot 17.  The Gallardos owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

23. James and Cheryl Watkins are residents of Harris County, Texas who own the real property, improvements and personal property located at 5519 Fragrant Cloud Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 2, Lot 21. The Watkins owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

24. Joe and Karen Stilwell are residents of Harris County, Texas who own the real property, improvements and personal property located at 5514 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 9, Lot 3.  The Stilwells owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

25. John and Betsy Torrez are residents of Harris County, Texas who own the real property, improvements and personal property located at 13411 Carousel Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 11.  The Torrezes owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

26. John and Sara McMahan are residents of Harris County, Texas who own the real property, improvements and personal property located at 5503 Honor Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 3, Lot 2.  The McMahans owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

27. John Kurt Barousse is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5318 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 2, Block 1, Lot 12.  Mr. Barousse

owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

28. Jun Cheng is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5309 Sunbright Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 6, Lot 15.  Ms. Cheng owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

29. Kamal and Shammi Bajaj are residents of Harris County, Texas who own the real property, improvements and personal property located at 5614 Olympiad Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 3, Lot 22.  The Bajajs owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

30. Kelly White is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13526 Pristine Park Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 11, Lot 3.  Ms. White owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

31. Luisa and Herman Torres are residents of Harris County, Texas who own the real property, improvements and personal property located at 13427 Sundowner Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 33.  The Torreses owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

32. Maria Geeker, as Trustee for the Geeker Management Trust, is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5507 Honor Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 3, Lot 3. The trust owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

33. Maurice and Sherri Tayeh are residents of Harris County, Texas who owns the real property, improvements and personal property located at 13426 Sweet Surrender Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 7, Lot 21. The Tayehs owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

34. Michael and Carol Monahan are residents of Harris County, Texas who own the real property, improvements and personal property located at 13402 Sundowner Dr., Houston, Texas 77041 and located at 13403 Sundowner Dr., Houston, Texas 77041. The legal descriptions of the property is Twin Lakes Section 1, Block 8, Lot 1 and Twin Lakes Section 1 &3, Block 7, Lot 28 & 29. The Monahans owned the properties at the time of the flood. As a result of the Government's actions, these properties were intentionally flooded, substantially damaged, and/or devalued.

35. Ming Kuo and Tazuan Chang are residents of Harris County, Texas who own the real property, improvements and personal property located at 13222 Oregold Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 1. Kuo and Chang owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

36. Ming-Chung Lo and Hsiu-Feng Chen are residents of Harris County, Texas who own the real property, improvements and personal property located at 5318 Sunbright Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 6, Lot 21. Lo and Chen owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

37. Paulo and Renate Biasotto are residents of Harris County, Texas who own the real property, improvements and personal property located at 5302 Golden Wings Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 6, Lot 9. The Biasottos owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

38. Per Staunstrup Christiansen is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5334 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 2, Block 1, Lot 16. Mr. Christiansen owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

39. Renata Collazo & Antonio Antunes, Jr. are resident of Harris County, Texas who own the real property, improvements and personal property located at 13407 Carousel Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 7, Lot 10. Ms. Collazo and Mr. Antunes owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

40. Richard and Mary Mushinski are residents of Harris County, Texas who own the real property, improvements and personal property located at 13406 Sundowner Dr., Houston, Texas

77041. The legal description of the property is Twin Lakes Section 3, Block 8, Lot 2. The Mushinskis owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

41. Robert Evans, as Trustee for the Evans Family Living Trust, is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13422 Sweet Surrender, Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 7, Lot 22. The trust owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

42. Ron and Betty May are residents of Harris County, Texas who own the real property, improvements and personal property located at 5311 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 2, Block 2, Lot 30 & TR 31A. The Mays owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

43. Sally and William Peterson are residents of Harris County, Texas who own the real property, improvements and personal property located at 13243 Oregold Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 1, Lot 7. The Petersons owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

44. Sandra Nguyen is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13402 Pristine Park, Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 10, Lot 1. Ms. Nguyen owned

the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

45. Sapramjeet Singh is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5406 Sundowner Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 8, Lot 6.  Mr. Singh owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

46. Shanna Broussard is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13523 Grand Masterpiece Ln., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 5, Block 11, Lot 14.  Ms. Broussard owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

47. Sharon Hogge is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5303 Climber Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 46.  Ms. Hogge owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

48. Sylvia Freeman, as Trustee for the Sylvia Freeman Management Trust Agreement, is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13311 Tropicana Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 6, Lot 4.  The trust owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

49. Theodore and Jayne Steinkogler, as Trustees for the Steinkogler Family Living Trust are residents of Harris County, Texas who owns the real property, improvements and personal property located at 5694 Grand Floral Blvd., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 5, Block 7, Lot 61.  The trust owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

50. Wayne and Josephine Hillin are residents of Harris County, Texas who own the real property, improvements and personal property located at 13414 Sweet Surrender Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 24. The Hillins owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

51. William and Mary Donlon are residents of Harris County, Texas who own the real property, improvements and personal property located at 13415 Sundowner Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 30.  The Donlons owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

52. William and Ruth Henderson are residents of Harris County, Texas who own the real property, improvements and personal property located at 5542 Honor Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 2, Lot 36.  The Hendersons owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

53. William Bryant, as Trustee of the Bryant Family Living Trust, is a resident of Harris County, Texas who owns the real property, improvements and personal property located at

13210 Summer Snow Circle, Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 1, Lot 19.  The trust owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

54. William Tucker is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5307 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 2, Block 2, Lot 29 & TR 28A.  Mr. Tucker owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

55. Zhen Yang is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5519 Olympiad Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 1, Lot 14.  Ms. Yang owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

56. Robert Pimentel and Susana Lopez are residents of Harris County, Texas who own the real property, improvements and personal property located at 5526 Honor Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 2, Lot 32.  Mr. Pimentel and Ms. Lopez owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

57. Rojiv and Neeta Bhardwaj are residents of Harris County, Texas who own the real property, improvements and personal property located at 5507 Peace Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 1, Lot 5.  The Bhardwajs

owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

58. Patricia Calvo is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13414 Pristine Park Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 10, Lot 4.  Ms. Calvo owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

59. Alok Jain is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13410 Pristine Park Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 10, Lot 3.  Mr. Jain owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

60. Murillo Xavier and Debora Rodrigues are residents of Harris County, Texas who owns the real property, improvements and personal property located at 5315 Spartan Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 1, Lot 2.  Mr. Xavier and Ms. Rodrigues owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

61. Rameshwar K. Maini is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5603 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 5, Block 12, Lot 16.  Mr. Maini owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

62. Harvey and Nancy Hickman are residents of Harris County, Texas who own the real property, improvements and personal property located at 5339 Summer Snow Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 2, Lot 37. The Hickmans owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

63. Hugo Iglesias is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13318 Sunbright Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 27 & W 1/2 of Lot 26.  Mr. Iglesias owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

64. J. Stephen Applegate is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13414 Sundowner Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 8, Lot 4.  Mr. Applegate owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

65. Jagtar Singh Heir is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13531 Sundowner Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 7, Lot 43.  Mr. Heir owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

66. Ruben and Toni Monzon are residents of Harris County, Texas who own the real property, improvements and personal property located at 13410 Sweet Surrender Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 25.

The Monzons owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

67. Rodney and Andetria Hampton are residents of Harris County, Texas who own the real property, improvements and personal property located at 5603 Grand Floral Blvd, Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 11, Lot 8. The Hamptons owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

68. Harry D. Hainley, III is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5534 Fragrant Cloud Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 14. Mr. Hainley owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

69. Josephine M. Todes is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13423 Sweet Surrender Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 7, Lot 19. Ms. Todes owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

70. James T. Parson is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5539 Fragrant Cloud Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 16. Mr. Parson owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

71. Ruurd Bartlema and Minouche Nicole Violette Van Den Berge are residents of Harris County, Texas who own the real property, improvements and personal property located at 5307 Gold Medal Circle, Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 37.  Mr. Bartlema and Ms. Van Den Berge owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

72. John and Paula Holladay, as Trustees of the John K. Holladay and Paula K. Holladay Trust, are residents of Harris County, Texas who own the real property, improvements and personal property located at 13410 Sundowner Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 8, Lot 3.  The trust owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

73. Paul H. Lookabaugh is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5235 Summer Snow Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 2, Lot 27 & TR 28.  As a result of the Government's actions, this property was intentionally flooded.  Mr. Lookabaugh owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

74. Randall L. Etherington and Andrea M. Jobling are residents of Harris County, Texas who own the real property, improvements and personal property located at 5403 American Beauty Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 4, Lot 12.  Mr. Etherington and Ms. Jobling owned the property at the time of the flood.  As a

result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

75. Peng Yap and Kee Lee are residents of Harris County, Texas who own the real property, improvements and personal property located at 13106 Tropicana Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 2, Block 2, Lot 2. Yap and Lee owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

76. Curt and Maura Bucey are residents of Harris County, Texas who own the real property, improvements and personal property located at 5319 Summer Snow, Houston, Texas 77041. The legal description of the property is Twin Lakes Section 2, Block 2, Lot 32 TR 31. The Buceys owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

77. Raafat Abdul Alim and Iman Hassan are residents of Harris County, Texas who own the real property, improvements and personal property located at 13519 Grand Masterpiece Ln., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 5, Block 11, Lot 13. Mr. Alim and Ms. Hassan owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

78. David and Nelda Reynolds are residents of Harris County, Texas who own the real property, improvements and personal property located at 5314 Golden Wings Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 6, Lot 12. The Reynolds owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

79. Charles and Linda Latch are residents of Harris County, Texas who own the real property, improvements and personal property located at 2626 Grand Floral Blvd., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 5, Block 12, Lot 4. The Latches owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

80. Sarah and Donald Thrasher are residents of Harris County, Texas who own the real property, improvements and personal property located at 5314 Spartan Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 2, Lot 6.  The Thrashers owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

81. Fahim Nimri is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13510 Pristine Park Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 11, Lot 7.  Mr. Nimri owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

82. Don and Pamela Palmour are residents of Harris County, Texas who own the real property, improvements and personal property located at 5678 Grand Floral Blvd., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 5, Block 7, Lot 65. The Palmours owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

83. William and Eileen Leffler are residents of Harris County, Texas who own the real property, improvements and personal property located at 13415 Amber Queen Lane, Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 5, Block 12, Lot 9.

21

The Lefflers owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

84. Kurt and Jean Wind are residents of Harris County, Texas who own the real property, improvements and personal property located at 5306 Sunbright Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 6, Lot 18.  The Winds owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

85. Carol and James Gheida are residents of Harris County, Texas who own the real property, improvements and personal property located at 5523 Olympiad Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 1, Lot 13.  The Gheidas owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

86. Maria and Hector Bonnor are residents of Harris County, Texas who own the real property, improvements and personal property located at 5503 Pristine Park Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 8, Lot 20.  The Bonnors owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

87. Elisabeth and Bjarte Bruheim are residents of Harris County, Texas who own the real property, improvements and personal property located at 5502 Pristine Park Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 8, Lot 21.  The Bruheims owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

88. Andrea and John Spirov are residents of Harris County, Texas who own the real property, improvements and personal property located at 5618 Summer Snow Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 5, Block 9, Lot 11. The Spirovs owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

89. Nicholas Swann and Kirsten Henricksen are residents of Harris County, Texas who own the real property, improvements and personal property located at 5703 Honor Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 4, Block 3, Lot 9. Mr. Swann and Ms. Henricksen owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

90. Cecelia Valencia is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5503 Peace Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 1, Lot 6. Ms. Valencia owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

91. Rob and Jenifer Hungate are residents of Harris County, Texas who own the real property, improvements and personal property located at 13714 Sundowner Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 4, Block 11, Lot 38. The Hungates owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

92. Vinodh and Sunitha Kumar are residents of Harris County, Texas who own the real property, improvements and personal property located at 13418 Pristine Park Dr., Houston,

Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 10, Lot 5.
The Kumars owned the property at the time of the flood.  As a result of the Government's
actions, this property was intentionally flooded, substantially damaged, and/or devalued.

93. Sharon and Jean-Paul Masso are residents of Harris County, Texas who own the real
property, improvements and personal property located at 5322 Summer Snow Dr., Houston,
Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 1, Lot 13.
The Massos owned the property at the time of the flood.  As a result of the Government's
actions, this property was intentionally flooded, substantially damaged, and/or devalued.

94. Gregory and Carol Batt, as Trustees of the Batt Family Living Trust, are residents of
Harris County, Texas who owns the real property, improvements and personal property located
at 13403 Carousel Ct., Houston, Texas 77041.  The legal description of the property is Twin
Lakes Section 1, Block 7, Lot 9.  The trust owned the property at the time of the flood.  As a
result of the Government's actions, this property was intentionally flooded, substantially
damaged, and/or devalued.

95. Hana and Milos Soudek are residents of Harris County, Texas who own the real property,
improvements and personal property located at 5523 Honor Dr., Houston, Texas 77041.  The
legal description of the property is Twin Lakes Section 4, Block 3, Lot 7.  The Soudeks owned
the property at the time of the flood.  As a result of the Government's actions, this property was
intentionally flooded, substantially damaged, and/or devalued.

96. Justin and Stephanie Struby are residents of Harris County, Texas who own the real
property, improvements and personal property located at 5307 Frensham Circle, Houston, Texas
77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 52.  The

Strubys owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

97. Brian and Susan Cohen are residents of Harris County, Texas who own the real property, improvements and personal property located at 13603 Pristine Park Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 7, Lot 57. The Cohens owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

98. Carl and Penny Wilson are residents of Harris County, Texas who own the real property, improvements and personal property located at 5538 Fragrant Cloud Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 15. The Wilsons owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

99. Ronald and Jane Haley are residents of Harris County, Texas who own the real property, improvements and personal property located at 5523 Fragrant Cloud Ct., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 20. The Haleys owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

100. David and Ellen Deal are residents of Harris County, Texas who own the real property, improvements and personal property located at 13214 Sunbright Dr., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 1, Lot 2. The Deals owned the property at the time of the flood. As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

101.  Gray and Rebecca Slocum are residents of Harris County, Texas who own the real property, improvements and personal property located at 13519 Sundowner Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 40.  The Slocums owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

102.  James and Cindy Pilkinton are residents of Harris County, Texas who own the real property, improvements and personal property located at 13110 Tropicana Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 2, Lot 1.  The Pilkintons owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

103.  Blair and Melissa Haynie are residents of Harris County, Texas who own the real property, improvements and personal property located at 5515 Olympiad Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 1, Lot 15.  The Haynies owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

104.  Beatrice Huong Pham is a resident of Harris County, Texas who own the real property, improvements and personal property located at 5310 Sunbright Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 6, Lot 19.  Ms. Pham owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

105.  Harish Palany is a resident of Harris County, Texas who own the real property, improvements and personal property located at 5307 Climber Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 47.  Mr. Palany owned

the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

106.  Ann Ownings is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 13402 Sweet Surrender Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 27.  Ms. Ownings owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

107.  Kristina Nelson is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5319 Spartan Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 2, Block 1, Lot 1.  Ms. Nelson owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

108.  Verna Johnson is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5311 Frensham Circle., Houston, Texas 77041. The legal description of the property is Twin Lakes Section 3, Block 7, Lot 53.  Ms. Johnson owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

109.  Daniel Coleman and Dorothy Autin are residents of Harris County, Texas who own the real property, improvements and personal property located at 13318 Tropicana Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 4, Lot 5.  Mr. Coleman and Ms. Autin owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

110.  Terry Sullivan is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5310 Climber Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 3, Block 7, Lot 44.  Ms. Sullivan owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

111.  Yusuf Essa is a resident of Harris County, Texas who owns the real property, improvements and personal property located at 5610 Olympiad Dr., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 4, Block 3, Lot 23.  Mr. Essa owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

112.  Mehdi Haghshenas and Seyedeh Najmeh Vaez are residents of Harris County, Texas who own the real property, improvements and personal property located at 5530 Fragrant Cloud Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 2, Lot 13.  Mr. Haghshenas and Ms. Vaez owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

113.  Tony Kazori and Lobat Shirazi are residents of Harris County, Texas who own the real property, improvements and personal property located at 13406 Sweet Surrender Ct., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 1, Block 7, Lot 26.  Mr. Kazori and Ms. Shirazi owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

114.  Zubair and Afshan Khan, Trustees of the Zubair and Afshan Khan Revocable Trust are residents of Harris County, Texas who own the real property, improvements and personal property located at 13534 Masterpiece Lane., Houston, Texas 77041.  The legal description of the property is Twin Lakes Section 5, Block 11, Lot 18.  The trust owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

115.  Jeff and Julie Applegate are residents of Harris County, Texas who own the real property, improvements and personal property located at 12811 Rock Fall Ways, Houston, Texas 77041.  The legal description of the property is Lakes on Eldridge, Section 5, Block 1, Lot 19. The Applegates owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

116.  FCLB Holdings, LLC is a limited liability company in Harris County, Texas who owns the real property, improvements and personal property located at 5531 Fragrant Cloud Ct., Houston Texas 77041. The legal description of the property is Twin Lakes Section 1, Block 2, Lot 18.  FCLB Holdings, LLC also owns the real property and improvements located at 6330 Gabrielle Canyon Ct., Katy, Texas 77460 and 21907 Whitford Ct., Katy, Texas 77450.  The legal description of these properties are Canyon Gate Cinco Ranch Section 2, Bloc 3, Lot 1 and Cinco Ranch Greenway Village Section 11, Block 2, Lot 5 respectively.  FCLB Holdings, LLC owned the properties at the time of the flood.  As a result of the Government's actions, these three properties were intentionally flooded, substantially damaged and/or devalued.

117.  James and Gayle Minto are residents of Harris County, Texas who own the real property, improvements and personal property located at 4614 Sylvan Glen Dr., Houston, Texas 77084.  The legal description of the property is Bear Creek Village, Section 6, Block 10, Lot 27.

The Mintos owned the property at the time of the flood.  As a result of the Government's actions, this property was intentionally flooded, substantially damaged, and/or devalued.

118.  Defendant is the United States of America ("Government"), a sovereign entity, who answers for at least one of its agencies, particularly the U.S. Army Corps of Engineers (the "Corps of Engineers"), concerning the Corps of Engineers actions with respect to the Addicks and Barker reservoirs.

### **FACTS**

119.  This case seeks just compensation under the Fifth Amendment for Plaintiffs, whose real and/or personal property were taken as a result of the Government's design, use and operation of the Addicks and Barker Reservoirs.

120.  The majority of Plaintiffs are homeowners and residents of the Twin Lakes subdivision in Houston, Texas.[1]  The Twin Lakes subdivision includes approximately 400 homes, most of which are custom-built.  The subdivision was the brainchild of former Houston mayor Bob Lanier and was started in 1989.  Twin Lakes has a relatively high elevation.  In the first 28 years that it has existed, the subdivision had never flooded and was never part of a floodplain.  For this reason, most homeowners did not purchase – or believe they needed – flood insurance.  Until recently, the homes in Twin Lakes have ranged in value from $400,000 to more than $1 million.

121.  Unbeknownst to Plaintiffs, despite its relatively high elevation, the federally-controlled Addicks and Barker reservoirs are designed to release water into Twin Lakes, Lakes on Eldridge, Cinco Ranch and Bear Creek Village under certain conditions.  The purpose of the design is to protect neighborhoods downstream – such as the Memorial area and downtown Houston – from

---

[1] As described above, plaintiffs Jeff and Julie Applegate own property in Lakes on Eldridge; plaintiff FCLB Holdings, LLC owns two properties in Cinco Ranch; and plaintiffs James and Gayle Minto own property in Bear Creek Village.

flooding due to overflow from the Buffalo, Brays, and White Oak Bayous.  The U.S. Army Corps of Engineers designed and operates the Addicks and Barker reservoirs.  In its design and operation decisions, the Corps of Engineers decided to utilize Plaintiffs' properties as a retention area for floodwater in order to prevent more valuable areas from flooding.

### A.   The Addicks and Barker Dams/Reservoirs

122.  The Government began acquiring land for the Addicks and Barker Reservoirs in the 1940s.  Construction of the Barker Dam began in 1942 and was completed in 1945.  Construction of the Addicks Dam began in 1946 and was completed in 1948.

123.  The Barker Dam is in Harris County and Fort Bend County and consists of an earthen embankment that is 71,900 feet long.  The Barker Dam runs along the south, east and north sides of the reservoir.  There is not a levee, dam or embankment on the west side because the ground elevation is higher on the west side.  Stormwaters from upstream portions of the watershed enter the reservoir area on the west side and are intentionally captured and stored behind the dam.

124.  The Addicks Dam is in Harris County and consists of an earthen embankment that is 61,166 feet long.  The Addicks Dam runs along the south and east sides of the reservoir.  There is not a levee, dam or embankment on the west or north sides of the Addicks Reservoir because the ground elevation is higher on the west and north sides.  Stormwaters from upstream portions of the watershed enter the reservoir area on the west and north sides and are intentionally impounded and stored behind the dam.

125.  According to Corps documents, the Government designed the Addicks and Barker dams/reservoirs to capture and store floodwater associated with a "Design Storm."  The Design Storm was calculated based on the probable maximum rain that could be expected.  The 1899 storm that dumped more than 30 inches of rain in 72 hours over Hearne, Texas was selected as

31

the probable maximum rain for calculating Design Storm volumes for the Addicks and Barker Reservoirs.

126.  The Government calculated that releases from the Addicks and Barker Reservoirs into Buffalo Bayou could reach approximately 15,000 cubic feet per second without damaging private property.  The Government used the Design Storm runoff to determine how much water would need to be stored behind the dams and within the reservoirs while non-damaging releases of approximately 15,000 cubic feet per second occurred.  The Government also used the Design Storm information to determine how high the dams needed to be built to be safe and so that the dams would not fail during a storm.

127.  The Government also calculated the resulting Design Storm pool levels for both reservoirs. For Addicks, the Government calculated this number to be 108.3 feet above mean sea level.  For Barker, the Government calculated this number to be 101.7 feet above mean sea level. The top of the two dams were set several feet above the design pool levels to ensure their safety and prevent them from being overtopped.

128.  In the 1980s, the Corps reevaluated the Addicks and Barker Dams/Reservoirs.  The Government established the maximum design pool elevations relevant to Plaintiffs' lawsuit.  The Corps also reevaluated how the Addicks and Barker Dams/Reservoirs would function under new dam safety design criteria.  The Corps decided that the Addicks and Barker Dams/Reservoirs needed to be redesigned and reconstructed.  As part of the redesign and reconstruction, the top of the Addicks and Barker Dams were raised and emergency spillways were added.

**B. The Government Acquires Less Land Than Needed for the Maximum Design Pools of the Addicks and Barker Reservoirs/Dams**

129. The  Government  acquired  title  to  approximately  12,460  acres  for  the  Addicks Dam/Reservoir  to  store  water  behind  the  dam.   The  land  the  Government  acquired  had  an

approximate elevation of up to only 103.1 feet.  The Government acquired 12,060 acres for the Barker Dam/Reservoir that had up to an approximate elevation of only 95 feet.

130.  The amount of land the Government acquired represented far less than the total expanse of property certain to be inundated within the Maximum Design Pool associated with the Spillway Design Storm of over 40 inches of rain in 72 hours.

131.  Instead of acquiring the entire property to be flooded within the Maximum Design Pool, the Government obtained title to land inside the Addicks and Barker Reservoirs sufficient to hold about half the amount of rain associated with the Spillway Design Storm.   The Government obtained title to land at an elevation similar to the 100-year flood pool, that is, property expected to have a 1% chance of being flooded in any given year.

132.  Within Addicks Reservoir, the elevation of the 100-year flood pool is reported to be 100.5 feet (NAVD 1988, 2001 adj.). The Government acquired land in Addicks up to approximately 103.1 feet of elevation (NAVD 1988, 2001 adj.). This is many feet of elevation short of the Maximum Design Pool of approximately 115 feet, meaning the Government does not own, or have any legal right to utilize for any public purpose without compensation, the land between 103.1 feet to approximately 115 feet elevation.

133.  Within Barker Reservoir, the elevation of the 100-year flood pool is reported to be 97 feet (NAVD 1988, 2001 adj.). The Government acquired land in Barker up to approximately 95 feet of elevation. Again, this is many feet of elevation short of the Maximum Design Pool of approximately 108 feet. The Government thus does not own land from 95 feet to approximately 108 feet elevation.

134.  Even in its 1962 Reservoir Regulation Manual, the Corps data showed inadequate land acquisition for these two reservoirs. For Addicks Reservoir, the Corps lists the area of government-

owned land as 12,795 acres and the land area associated with the Design Storm as 17,080 acres. The Manual shows that the Government knew that the Maximum Design Pool would inundate up to 4,285 acres of private land within the Addicks Reservoir. For Barker Reservoir, the Corps lists the area of government-owned land as 12,110 acres and the land area associated with the Design Storm as 16,705 acres. The Manual shows that the Government knew that the Maximum Design Pool would inundate up to 4,595 acres of private land within the Barker Reservoir.

135.  Yet the Corps did not acquire, and never has acquired, the full acreage necessary to contain the impounded waters on Government-owned land for a storm event that it *knew* would fill the two reservoirs to their Maximum Design Pool; nor did the Corps acquire flowage, drainage, or flood easements for this remaining private land within the Maximum Design Pool. According to the Corps, the Government only acquired land within the pool level similar to the 100-year flood pool level. Because, according to the Government's own computations, the Spillway Design Storm would produce a pool level greatly exceeding the 100-year flood event, flooding of private property outside the federally acquired land was inevitable and intended.

### C. Not Only the Design, but the Planned Operation of the Federal Reservoirs Has Always Been Intended by the Government to Flood Private Property Behind the Dams.

136.  In the Corps' 1986 Master Plan Update (Design Memorandum No. 3), the Government made clear statements that recognized the impact on the private property located within the Addicks and Barker reservoirs from anticipated use of those reservoirs. For example, the Corps stated: "Addicks and Barker Reservoirs were constructed for the single purpose of flood control. All lands within the project boundaries are required for impoundment of water to maximum design water surface elevations. Any development or facilities located within the project boundaries are subject to inundation." 1986 Master Plan Update, at 16.

137. Critically, the Corps has conceded that its Maximum Design Pool extends beyond federal property and that this design feature of its dams/reservoirs would eventually result in lawsuits against the Government. In a section entitled 'Special problems: Flooding of Non-Federal Lands,' the Corps admitted:

> The maximum pool elevation for both reservoirs extends beyond each project boundary. As the surrounding areas are developed, this may mean that homes in adjacent subdivisions may be flooded. This could result in lawsuits against the Corps of Engineers for flooding private lands.

1986 Master Plan Update, at 116.

138. Further, in clear awareness of the problem at hand, the Corps identified two possible solutions to avoid the planned flooding of Plaintiffs' private property:

> One solution to this problem would be to acquire all lands to the maximum pool elevation at each project. Other solutions would be to acquire flowage easements and to work with local governments to establish zoning laws which would limit development in these areas.

1986 Master Plan Update, at 116–17.

139. But the Government did nothing. Instead, private land within the Corps' Maximum Design Pools remained open to development, and thousands of homes and businesses have been built in these two reservoirs.

140. In 1995, the Government again recognized the problem, proposed solutions, and again did nothing. Specifically, in the Corps' Reconnaissance Report, Section 216 Study Addicks and Barker Reservoirs, Houston, Texas (October 1995), the Government recognized that it had only acquired land up to "5.9 feet below the maximum flood control pool elevation at Addicks Reservoir and 8.7 feet below the maximum pool at Barker Reservoir." Section 216 Study, at 5. The Corps then presented and evaluated ten potentially feasible alternatives to address this problem. Three alternatives would have increased reservoir storage capacities, one alternative

would have reduced reservoir inflows, four alternatives would have increased reservoir flood releases, and one alternative was to "[a]dopt a flood warning system and evacuation plan." *Id*. at 7–8. The Corps did not adopt or implement any of these nine alternatives. The tenth alternative was to "[a]ccept existing conditions and risk through No Action." *Id*. at 8. On October 16, 1995, the Corps' District Engineer, Col. Robert B. Gatlin, signed the Section 216 Study, adopted the tenth "No Action" alternative. *Id*. at 19.

141.  Nor was this the last time the Government ignored the coming flood disaster caused by its design and operation of the Addicks and Barker Dams/Reservoirs. In a 2009 "Master Plan," the Corps identified that the elevation of government-owned land would be exceeded by the "maximum possible pool before water spills around the end of the dam." 2009 Master Plan, at B-3 and B-4. The Government acknowledged that it only owned land sufficient to impound floodwaters up to an elevation of about 103 feet in Addicks and 95.5 feet in Barker, and that when the reservoir impounds and stores floodwaters at higher elevations, the impounded water would exceed the footprint of the Government-owned land and be stored on private property:

> Despite numerous major flood events in the Metropolitan Houston area since 1963 when the remaining two conduits at each dam were gated, Addicks and Barker Reservoirs have not exceeded the limits of government-owned land in any flood event . . . . However, had some of these events been centered over Addicks and Barker Reservoirs or the Upper Buffalo Bayou Watershed, the combined rainfall and runoff could have resulted in flood pools exceeding the limits of government owned land and possibly exceeding the capacity of Addicks and Barker Dams.

*Id*.

142.  In its 2012 updated Water Control Manual, the Corps identified the surface area of Government-owned land as 13,016 acres for Addicks, with a storage capacity on Government-owned land being 127,591 acre-feet. *See* 2012 Water Control Manual, at A-2. The storage capacity within the Addicks Reservoir below its concrete-lined spillways is in excess of 200,000 acre-feet,

36

much more than is available on Government-owned land. For Barker, the 2012 Water Control Manual identified the surface area of Government-owned land as 12,036 acres with a storage capacity on Government-owned land being 82,921 acre-feet. *See* 2012 Water Control Manual, at A-2. Again, the storage capacity within the Barker Reservoir below its concrete-lined spillways is in excess of 200,000 acre-feet, much more than is available on Government-owned land.

143.  Once again, the 2012 Water Control Manual, the Corps predicted that rain events would flood residential developments outside the federal property:

> Presently, [flood] pool levels in excess of Government-owned land *will damage* residential developments adjacent to Government-owned lands.

2012 Water Control Manual, at 7-1 (emphasis added).

144.  Indeed, the 2012 Water Control Manual repeats the long-understood "primary objective" for the Addicks and Barker Reservoirs as to use them to maximize their available storage to prevent damaging flooding downstream.

145.  Thus, when rain falls in the Buffalo Bayou watershed below the dams, such as during Harvey, the standard operating procedure of the Corps is to closes all of the gates of Addicks and Barker to prevent any release of stored waters flowing downstream until after the rainfall event. The operational directives for the dams are designed and intended to impound all stormwater from their upstream watersheds during such events. It is also normal procedure to keep the gates closed even when the flood pool exceeds Government-owned land and floods private property. The Corps monitors pool elevations and rates of rise in pool elevations.

146.  If the flood pool behind these dams reaches a certain elevation and is anticipated to continue to rise, then normal procedure is to open the gates and release water downstream, to both optimize reservoir storage capacity and to protect the integrity of the dams. This technique— known as "induced surcharge"—is common to many Corps reservoirs. The 2012 Water Control

Manual for Addicks and Barker establishes the calculated "induced surcharge" release schedule for both Reservoirs. The 2012 Water Control Manual for Addicks and Barker does not include any "induced surcharge" release procedures to avoid the intended inundation of non-federal property of the upstream Plaintiffs.

147. During Harvey, the Corps first closed the gates according to normal procedure. The Corps later opened the gates and released water downstream because that was the normal procedure. The Corps did not open the gates and release water downstream to protect upstream Plaintiffs during Harvey.

148. Thus, the United States not only knowingly and intentionally designed the Maximum Design Pools of Addicks and Barker Dams/Reservoirs to extend beyond federal property and to store water on private property (without obtaining and paying for the right to do so), the Government also foresaw widespread flooding and inundation of such private property from the intended operations of the reservoirs/dams. Indeed, the Government predicted that it would be sued when a major storm (which it reasonably anticipated would occur), in fact, occurred, and inundated private property located within these reservoirs.

### D. Hurricane Harvey

149. Between August 25 and August 29, 2017, Hurricane Harvey struck Houston. The rainfall from Hurricane Harvey threatened to overwhelm many of the areas that the Addicks and Barker reservoirs were designed to protect. However, because of the operation of the Addicks and Barker reservoirs, this floodwater was diverted and collected in Twin Lakes, Lakes on Eldridge, Bear Creek Village and Cinco Ranch causing the vast majority of homes in these neighborhoods to flood. Even the homes that did not flood have been devalued because of what happened in the

neighborhoods.   As a result of the government's actions, Plaintiffs have sustained substantial damage.

## CAUSES OF ACTION

150.  Plaintiffs allege the following causes of action together and in the alternative.

### Count I: The Permanent Taking of a Flowage Easement Without Just Compensation in Violation of the Fifth Amendment of the United States Constitution

151.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

152.  For the public's benefit and the benefit of certain areas, including downstream properties along Buffalo Bayou and downtown Houston, the Government designed, used, and operated Addicks and Barker Dams/Reservoirs with the intent to store floodwaters up to the Maximum Design Pools of the two reservoirs during heavy rains.

153.  The Addicks and Barker Dams/Reservoirs are permanent structures with indefinite and/or very long lifespans.

154.  The flooding of Plaintiffs' property is inevitably recurring and is necessarily incident to and an intended consequence of the continued use of the permanent Addicks and Barker Dam/Reservoir projects as designed, used, and operated by the Government.

155.  The Government's design of the Maximum Design Pools of Addicks and Barker Reservoirs at elevations that encompass significant private property demonstrates and confirms the Government's permanent commitment to the intermittent, but inevitably recurring, flooding of Plaintiffs' real and personal property, when heavy rain events occur again.

156.  Further, the Government's actions run counter to, and severely interfere with, Plaintiffs reasonable investment-backed expectations regarding the residential properties that they rented or owned.

157. The Government's actions violate Plaintiffs' protectable property rights which are recognized and protected under Texas law. Specifically, Plaintiffs own real property and own personal property, and the Government, through its actions in connection with the design, use and operation of the Addicks and Barker Dams/Reservoirs, has subjected that property to a permanent liability to flooding.

158. As a direct, natural, and intended consequence of the design and construction of the Addicks and Barker Dam/Reservoir projects, Plaintiffs' properties have been subjected to both actual flooding and the continued risk of frequent and inevitably recurring flooding. The Government's action is the cause-in-fact and proximate cause of the taking.

159. By subjecting Plaintiffs' property to a permanent liability to flooding, including storing stormwaters on their property during Harvey, the Government has taken a permanent flowage and drainage easement on Plaintiffs' properties.

160. As a result of the foregoing, and in addition to, or in the alternative to, the other causes of action asserted herein, the United States has taken permanent flowage and/or drainage easements or servitudes over Plaintiffs' property, which it has permanently taken for a public purpose, without just compensation.

### Count II: The Temporary Taking of a Flowage Easement Without Just Compensation in Violation of the Fifth Amendment of the United States Constitution

161. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

162. For the public's benefit and the benefit of certain areas, including downstream properties along Buffalo Bayou and downtown Houston, the Government designed, used, and operated Addicks and Barker Dams/Reservoirs with the intent to store floodwaters up to the Maximum Design Pools of the two reservoirs during heavy rains.

163.  The Government's retention of stormwater during and after Harvey caused a temporary invasion and taking of Plaintiffs' properties by the Government, with devastating consequences to constitutionally protected property interests, without just compensation in violation of the takings clause of the Fifth Amendment to the United States Constitution. As is common in cases of government-induced flooding that unconstitutionally takes and destroys property, the Government's taking is temporary because the flooding itself does not continue permanently. But the consequences of the flooding include the permanent destruction and loss of real and personal property, including homes. By storing stormwaters on private property within the Maximum Design Pools of Addicks and Barker Reservoirs during and after Harvey, the Government violated the Takings Clause of the Fifth Amendment because it temporarily took the right to flood that property with Harvey's impounded floodwaters without paying just compensation.

164.  Plaintiffs allege that the Government's taking of a temporary flowage easement during and after Harvey in particular commenced on or about August 27th, 2017, and continues until the time each of the Plaintiffs are able to fully use, enjoy, and occupy their land and property. In the alternative, and at a minimum, Plaintiffs allege that the temporary flowage easement for Harvey in particular lasted until Harvey's floodwaters fully receded from Plaintiffs' respective properties.

165.  The Government's actions in connection with storing Harvey stormwaters violated Plaintiffs' protectable property rights. Specifically, Plaintiffs own real property and own personal property, and Plaintiffs' rights in that property were impaired by the Government's taking of a temporary flowage easement. Their rights in this property are recognized and protected under Texas law.

166.  Further, the Government's actions ran counter to, and severely interfered with, Plaintiffs reasonable investment-backed expectations in the residential properties that they rented or owned.

167.  As detailed above, the damage done by, and interference caused by, the Government's storage of Harvey floodwaters on Plaintiffs' property is unquestionably substantial.

168.  The Government's action was the cause-in-fact of the temporary taking alleged herein. The storage and invasion of floodwaters onto Plaintiffs' real and personal property was the direct, natural, or probable result of the Corps' authorized activity.

169.  As a result of the foregoing, and in addition to, or in the alternative to, the other causes of action asserted herein, the Government has taken a temporary flowage and/or drainage easement over Plaintiffs' property for a public use, without payment of just compensation.

### Count III: The Temporary Taking of Other Property Interests Without Just Compensation in Violation of the Fifth Amendment

170.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

171.  Plaintiffs are entitled to the full and exclusive use and occupancy of their land, immovable property, and personal property for personal and commercial purposes.

172.  As a direct, natural, and probable consequence of the Addicks and Barker Dam/Reservoir projects, including the Government's use of these projects, Plaintiffs' properties were subjected to actual flooding in connection with Harvey.

173.  By storing stormwaters on private property within the Maximum Design Pools of Addicks and Barker Reservoirs during Harvey, the Government temporarily took the Plaintiffs' interest in the use, enjoyment, and occupation of their land and immovable and other personal and commercial property without paying just compensation.

174.  The Government's actions ran counter to Plaintiffs' reasonable investment-backed expectations in the residential properties that they owned or rented.

175.  The damage to Plaintiffs' protected property interests is severe. Many Plaintiffs were displaced from their homes for months and otherwise cannot use, enjoy, or occupy their residential properties. Many Plaintiffs were forced to reside in hotels or other alternative accommodations for months after Harvey, and many continue to be displaced from their homes. The Government's action was the cause-in-fact and proximate cause of the temporary taking alleged herein. The storage and invasion of floodwaters onto Plaintiffs' real and personal property was the direct, natural, and probable result of the Corps' authorized activity.

176.  Plaintiffs allege that the Government's taking of their interests in the full use, enjoyment, and occupancy of their property commenced on or about August 27th, 2017, and continues until the time each of the Plaintiffs are able to fully use, enjoy, and occupy their land and property.

177.  As a result of the foregoing, and in addition to, or in the alternative to, the other causes of action asserted herein, Plaintiffs have been deprived of the full and exclusive use, occupancy, and enjoyment of their property (including the land, immovable improvements, and personal property), resulting in a temporary taking of their property for a public use, without payment of just compensation.

### Count IV: The Permanent Taking of Damaged and Destroyed Property Without Just Compensation in Violation of the Fifth Amendment

178.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

179.  By storing stormwaters on private property within the Maximum Design Pools of Addicks and Barker Reservoirs during and after Harvey, the Government violated the Takings Clause of the Fifth Amendment because it permanently took the Plaintiffs' property interests in their homes, their improvements, their personal property, and the value of their land without paying just compensation.

180.  The Government's actions during Harvey violated Plaintiffs' protectable property rights. Specifically, Plaintiffs own real property and own personal property which was damaged or destroyed by the Government. Their rights to this property are recognized and protected under Texas law.

181.  The Government's actions ran counter to Plaintiffs' reasonable investment-backed expectations in the residential and commercial properties that they owned or rented (*i.e.,* that they would not have their homes, improvements, personal property, and the value of their land permanently damaged or destroyed as a result of the Government's actions).

182.  As discussed extensively in this complaint, the Government foresaw and predicted the taking of Plaintiffs' real and personal property.

183.  The Government designed, constructed, and used the Addicks and Barker Dams/Reservoirs in a manner that it knew would result in the flooding of private property located within its reservoirs' Maximum Design Pools during foreseeable and anticipated storm events. The consequences to Plaintiffs' properties were the direct, natural, and probable result of authorized activities by the Government.

184.  The permanent damage to and destruction of real and personal property brought about by the Government's storage of Harvey floodwaters on Plaintiffs' property is severe. Among other losses, homes and personal items were permanently destroyed. The permanent taking occurred when the Government used, damaged, and/or destroyed the Plaintiffs' property.

185.  The Government's action was the cause-in-fact and proximate cause of the taking alleged herein. The storage and invasion of floodwaters onto Plaintiffs' real and personal property was the direct, natural, or probable result of the Corps' authorized activity.

186.  As a result of the foregoing, and in addition to, or in the alternative to, the other causes of action asserted herein, Plaintiffs have been permanently deprived of their interests in the property that was damaged or destroyed in connection with Harvey, resulting in a permanent taking of their property for a public use, without payment of just compensation.

## RELIEF REQUESTED

WHEREFORE, premises considered Plaintiffs pray:

A.  For all damages suffered by each Plaintiff as a result of Defendant's taking of Plaintiffs' property without just compensation;

B.  An award of all reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, expert witness and engineering fees and interest; and

C.  For such other and further relief to which Plaintiffs are justly entitled.

DATE: January 16, 2018                Respectfully submitted,

Steven J. Mitby
Texas Bar No. 24037123
Ahmad, Zavitsanos, Anaipakos, Alavi,
& Mensing, P.C
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile:  713-655-0062
smitby@azalaw.com

OF COUNSEL:
Joseph Y. Ahmad
Texas Bar No. 00941100
Ahmad, Zavitsanos, Anaipakos,
Alavi & Mensing, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile:  713-655-0062
joeahmad@azalaw.com                **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel for Defendant by ECF on January 16, 2018.

Jeffrey H. Wood
Jacqueline C. Brown
Laura W. Duncan
Sarah Ifzar
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611

By:    */s/ Steven J. Mitby*
Steven J. Mitby
Texas State Bar No. 24037123
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
smitby@azalaw.com

**ATTORNEY FOR PLAINTIFFS**